## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 30 2015, 5:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lamont Hudgins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 30, 2015

Court of Appeals Case No.
49A02-1505-CR-330

Appeal from the Marion Superior Court.
The Honorable Lisa F. Borges, Judge.
Cause No. 49G04-1408-F4-39542

## Shepard, Senior Judge

[1] The State accused Lamont Hudgins of possessing a razor blade while incarcerated. After a bench trial, the court found Hudgins guilty of being a prisoner in possession of a deadly weapon, a Level 4 felony. Ind. Code § 35-44.1-3-7 (2014).

Hudgins challenges the sufficiency of the evidence. At trial, the State presented evidence that Hudgins attacked another inmate, that the inmate suffered slashing wounds as a result of the fight, and that a razor blade bearing Hudgins' and the victim's DNA was later found where the fight had occurred. Concluding that this evidence is sufficient, we affirm.

## Issue

Hudgins raises one issue: whether there is sufficient evidence to prove beyond a reasonable doubt that he possessed a deadly weapon.

## Facts and Procedural History

On August 13, 2014, Hudgins was incarcerated at a jail in Marion County. He was assigned to a large room, Dormitory 2D. Hudgins shared the dormitory with several other inmates, including Shayne Hairston. Tensions were high that day because a prisoner had smuggled contraband into the dorm, and jail authorities had revoked the inmates' commissary privileges upon discovering the contraband.

Much of the event giving rise to the conviction was recorded on Dormitory 2D's security camera. Hudgins accused Hairston of being a snitch, and a recording shows the two men arguing. Hairston threw Hudgins' bedding on the ground. A guard ordered Hairston to leave the dorm in an attempt to defuse the situation. As Hairston walked toward the door, he spit at Hudgins. Hairston heard someone shout "watch out!" Tr. p. 14.

[6] Hudgins followed Hairston into the hallway. The security recording shows Hudgins attacking Hairston, and the two men struggling. Hairston felt "a stinging sensation" on his neck, hand, and arm during the fight. *Id.* at 15. Jail employees arrived and separated the two. They noticed Hairston was bleeding from his neck. Hudgins had blood on his hand but was not injured. There was "a lot of blood, on the walls and on the floor" where the two men had fought. *Id.* at 124.

[7] Hairston was taken to the jail's infirmary, where employees determined that he had lacerations on his neck, hand, and arm. The neck laceration was several inches long and needed stiches.

[8] Meanwhile, jail staff cleaned up the blood at the scene of the fight. An employee discovered a small razor blade on the floor. One end of the razor had been wrapped with tape or a label. Samples were taken from the razor, and a forensic scientist compared DNA profiles generated from those samples against Hudgins' and Hairston's DNA profiles. The untaped end of the razor blade matched a mixture of Hudgins and Hairston's profiles. The taped end of the razor blade was a mixture of at least four individuals, and Hudgins and Hairston could not be excluded.

[9] The State charged Hudgins, who waived his right to jury. A bench trial produced guilty verdicts for being a prisoner in possession of a deadly weapon, a Level 4 felony, and battery by means of a deadly weapon, a Level 5 felony. At the sentencing hearing, the court entered judgments on being a prisoner in

possession of a deadly weapon and on battery resulting in bodily injury, a Class A misdemeanor, as a lesser included offense of battery.

## Discussion and Decision

[10] Hudgins argues that the State failed to prove that he possessed the razor blade. In reviewing a challenge to the sufficiency of the evidence, we affirm unless no reasonable trier of fact could have found each of the elements of a crime proven beyond a reasonable doubt. *Smith v. State*, 8 N.E.3d 668 (Ind. 2014). A conviction may be sustained on circumstantial evidence if that evidence supports a reasonable inference of guilt. *Fry v. State*, 25 N.E.3d 237 (Ind. Ct. App. 2015), *trans. denied*.

[11] To obtain a conviction for possession of a deadly weapon by an inmate, the State was required to prove beyond a reasonable doubt that Hudgins (1) while incarcerated in a penal facility (2) knowingly or intentionally (3) possessed a deadly weapon (4) that was used in a manner capable of causing bodily injury. Ind. Code § 35-44.1-3-7.

[12] Hairston was uninjured before Hudgins attacked him in the hallway outside their dormitory. As they fought, Hairston felt stinging sensations on his neck, arm, and hand, locations where he was later found to have sustained lacerations. After jail employees ended the fight, there was a lot of blood on the floor and a nearby wall. Hudgins was unhurt, but Hairston was wounded and needed stitches. Jail employees found the razor blade that bore Hairston's and Hudgins' DNA.

[13] Hudgins notes that Hairston instigated the fight and speculates that he may have brought the razor to the fight, only to have Hudgins turn it against him. He also points to evidence that blades were sometimes simply found in jail, their origin unexplained. This is a request to reweigh the evidence.

[14] We conclude that a reasonable finder of fact could find this circumstantial evidence proof beyond a reasonable doubt that Hudgins possessed the razor blade. *See Peters v. State*, 959 N.E.2d 347 (Ind. Ct. App. 2011) (circumstantial evidence established that defendant illegally possessed a firearm).

[15] For the foregoing reasons, we affirm the judgment of the trial court.

[16] Affirmed.

Bailey, J., and Crone, J., concur.